UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ALTA PARTNERS, LLC,

          Plaintiff,

     -against-

GETTY IMAGES HOLDINGS, INC.,

          Defendant.

CRCM INSTITUTIONAL MASTER
FUND (BVI) LTD., and CRCM
SPAC OPPORTUNITY FUND LP,

          Plaintiffs,

     -against-

GETTY IMAGES HOLDINGS, INC.,

          Defendant.
```

22-cv-8916 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

This order concerns six discovery disputes raised by the parties -- four by plaintiff CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP (collectively, "CRCM"), and co-plaintiff Alta Partners, LLC ("Alta"), and two by defendant Getty Images Holdings, Inc. ("Getty") -- in a joint telephone conference with the Court on August 24, 2023. The disputes concern the withholding of requested documents on grounds of privilege and work product. The Court ordered letter briefing, which was completed on August 26, 2023, and ordered each party to submit its

- 1 -

challenged documents ex parte, for in camera review. The parties submitted the documents on August 30, 2023, and the Court has reviewed them. The Court now rules as follows on the disputes.

## I.   **Plaintiffs' Challenges**

### A. Defendant Getty's Asserted Common Interest Privileges

The Court rejects Getty's asserted "common interest" privilege for communications with any shareholders who were not officers or directors. The "common interest rule" is "an extension of the attorney client privilege" that "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." United States v. Schwimmer, 892 F.3d 237, 243 (2d Cir. 1989).[1] The party claiming common interest privilege must "show that (1) it shares a common legal interest with the party with whom the documents or information were shared, and (2) the statements for which protection is sought were designed to further that interest." Chevron Corp. v. Donziger, 296 F.R.D. 168, 203 (S.D.N.Y. 2013).

Although the common interest privilege "is narrowly construed and subject to many exceptions," id., Getty seeks to expand the privilege to include those with whom it shared a

---

[1] Unless otherwise indicated, this order omits internal quotation marks.

commercial or financial, rather than legal, interest. Getty has not shown a common legal interest with shareholders -- including the Getty family and its agent Sutton Place -- who were not officers or directors of the company.

That said, the Court accepts Getty's asserted common interest privilege with the CC Capital entities -- Getty's counter-party in its business combination agreement executed on December 9, 2021, and that counter-party's sponsor -- for documents generated before the business combination closed in July 2022. Notably, plaintiffs do not challenge Getty's common interest with the CC Capital entities before the business combination agreement was executed. The Court holds that the same common legal interest applies during the period between execution and closure.

B. Getty's Asserted Attorney-Client Privilege of Communications of its Former CEO

The Court rejects Getty's assertion of attorney-client privilege on behalf of its former CEO, Jonathan Klein, for communications from Klein's Getty email address with his personal attorney about compensation negotiations. Whether or not Klein had a reasonable expectation of privacy at the time of those communications, any potential attorney-client privilege was waived when Getty's counsel later collected and reviewed the communications during this litigation. Once the privilege is waived, it cannot magically be regained. Klein thus waived

attorney-client privilege by allowing Getty's counsel to review his communications with his personal attorney about matters to which, at the time of the communications, he was adverse to Getty.

C. <u>Getty's Asserted Attorney-Client Privilege Regarding Communications with an Outside Investor Relations Firm</u>

The Court rejects Getty's assertion of attorney-client privilege for communications with Solebury Trout, an outside investor relations firm. The parties agree that such communications are privileged only if Solebury Trout was "the functional equivalent of an employee" of Getty. <u>Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.</u>, 232 F.R.D. 103, 113 (S.D.N.Y. 2005). Getty asserts Solebury Trout was so, but makes no attempt to show as much. Getty states that it retained Solebury Trout to assist with its transition to a public company, and acknowledges Getty also had its own investor relations employees. The Court cannot conclude from those facts that Solebury Trout was "the functional equivalent of an employee." <u>Id.</u>

D. <u>Getty's Asserted Attorney-Client Privilege Over Draft Earnings Call Scripts</u>

The Court rejects Getty's assertion of attorney-client privilege for drafts earnings call scripts sent in communications between businesspeople in which no lawyers were copied and no need for legal advice was discussed. Moreover, even if that category of communications were privileged, some of the communications waived

- 4 -

privilege because they included Solebury Trout, the outside investor relations company. <u>See</u> GETTY_IMAGES_00128941 (attachment to email from Solebury Trout to Getty Images).

## II.  **Defendant's Challenges**

### A. <u>Plaintiffs' Work-Product Designations</u>

Getty challenges plaintiffs' withholding of documents under the work-product doctrine as overbroad. After <u>ex parte</u> <u>in camera</u> review of the underlying documents, the Court affirms CRCM's work-product designations as proper. However, while some of Alta's work-product designations were proper, many were not. For instance, emails from Alta's managing member, Steven Cohen, to non-lawyers expressing displeasure at the underlying facts of the litigation are not protected work product. <u>See, e.g.</u>, ALTA-GETTY-00094340. By contrast, emails or messages from Cohen or others at Alta that specifically discuss strategy for litigation or a complaint against Getty are protected work product, even if no counsel is copied on the document in question. Accordingly, Alta must now produce some, but not all, of the disputed documents, as further specified below.

### B. <u>CRCM's Compliance with the Court's June 27, 2023 Order</u>

One other dispute, though not involving privilege or work product, must be mentioned. On June 26, 2023, the Court held a telephone conference with CRCM and Getty to discuss the overall scope of discovery for the period between when Alta filed its

complaint against Getty on October 19, 2022, and when CRCM filed its complaint on February 8, 2023. On June 27, 2023, the Court emailed an order to the parties to "produce relevant documents from October 2022 to February 2023, unless -- for a given document -- the party's representative is copied." Responding to the parties' concerns, that order balanced the need for discovery with the burden of reviewing documents likely to be privileged or to be protected by the work product doctrine. Getty interprets the Court's order to require the production of non-privileged, non-protected documents even if a party's representative is copied. Although Getty's position is an arguable one, CRCM complied with the text of the Court's order and is thus not required to make further productions of documents from before February 2023.

### III. **Conclusion**

By no later than Thursday, September 7, 2023, the parties must serve to each other revised privilege logs in accordance with the Court's rulings and must produce any previously withheld or redacted documents that are not privileged or otherwise protected work product. It is expected that in making such revisions and productions, Alta will take a narrower view of work product than previously, and will, for example, produce all emails not directed to counsel, unless they expressly and unambiguously discuss litigation strategy. The Clerk of the Court is directed to close documents numbered 41 and 42 on the docket of this case.

- 6 -

SO ORDERED.

New York, NY
September 5, 2023

JED S. RAKOFF, U.S.D.J.